IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
ST. LOUIS, DIVISION

| | |
|---|---|
| EYAD MOHAMMAD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. |
| ) | |
| THOMAS JAMES VILSACK, in his ) | |
| official capacity as Secretary of the United ) | |
| States Department of Agriculture, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW Plaintiff Eyad Mohammad by and through his attorneys, Bruntrager & Billings, and brings this action for the United States Department of Agriculture's decision permanently disqualifying his participation as a retailer in the Supplemental Nutrition Assistance Program.

## I.
## PARTIES

1. Plaintiff Eyad Mohammad is a resident of St. Louis County, Missouri and at all time relevant to this action was purchasing a business known as Arts Supermarket.

2. Defendant Thomas James Vilsack is the Secretary of the United States Department of Agriculture (hereinafter "Secretary of Agriculture") and it is the official responsibility of the United States Department of Agriculture (hereinafter "USDA") that is responsible for administering all statutes and regulations pertaining to the Supplemental Nutrition Assistance Program (hereinafter "SNAP") as administered by the USDA, Food and Nutrition Service (hereinafter "FNS"). The Secretary of Agriculture is

ultimately responsible for the decision of Administrative Review Officer Jerry A. Masefield's decision permanently disqualifying Eyad Mohammad from participating as a retailer in SNAP.

## II.
## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to **28 U.S.C. §§ 1331 and 1337.**

4. The defendant's sovereign immunity is waived by **5 U.S.C. §702 and 7 U.S.C. § 6999**.

5. The scope of this Court's review is governed by the **Administrative Procedures Act** (hereinafter "APA), specifically **5 U.S.C. § 706 and 7 U.S.C. § 6999.** This Court shall hold unlawful and set aside Defendant's determination if it is found to be:

(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law;

(B) contrary to constitutional right, power, privilege or immunity;

(C) in excess of statutory jurisdiction, authority or limitations, or short of statutory right;

(D) without observation of procedure required by law;

(E) unsupported by substantial evidence in a case subject to Sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or

(F)    unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court. **5 U.S.C. § 706 (2)(A)(B)(C)(D)(E)(F).**

6. Venue is proper in the Eastern District of Missouri, St. Louis Division, pursuant to 8 U.S.C. § 1391(e) in that this is a civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in their official capacity under the color of legal authority, that Plaintiffs residence is within the District and Division, and that a substantial part of the events or omissions giving rise to the claims asserted herein occurred within this District and Division.

## III.
## FULFILLMENT OF ADMINISTRATIVE PREREQUISITES

7. All conditions precedent for the filing of this action have been complied with; plaintiff has exhausted his administrative remedies and will continue to be permanently disqualified if this action is not filed within thirty (30) days of the denial of plaintiffs final appeal by the defendants.

8. It has been fewer than thirty (30) days since the plaintiffs final appeal was denied by the defendant.

## III.
## BACKGROUND

9. On or about June 21, 2010, plaintiff received a letter form Jon Yorgason (hereinafter "Yorgason"), Officer-in-Charge, Des Moines, IA Field Office, Food and Nutrition Service, a Division of the United States Department of Agriculture, which stated that the USDA was charging plaintiff with trafficking, as defined in § 271.2 of the SNAP regulations.

10. On or about June 24, 2010, the plaintiff responded to the defendant's letter of June 21, 2010.

11. On June 29, 2010, the plaintiff received another letter from Yorgason making a finding that the violations had occurred, determining that the plaintiff was not eligible for a civil monetary penalty, and permanently disqualifying from participation in the SNAP program and advising the plaintiff of his right to request a review of the decision by the Chief, Administrative Review Branch, USDA, FNS.

12. On or about July 9, 2010, the plaintiff, through counsel, sent a letter to the CHIEF in Alexandria, VA, requesting a review of the determination to permanently disqualify the plaintiff from participating in the SNAP program.

13. On or about July 12, 2010, the plaintiff received a letter from Jerry Masefield (hereinafter "Masefield"), Administrative Review Officer with the Administrative Review Branch, acknowledging the plaintiffs timely request for review and informing the plaintiff that he would render a Final Agency Decision as soon as possible.

14. On or about August 11, 2010, plaintiff received another letter from Masefield upholding the findings of the findings of the Des Moines, IA, Field Office and the sanction of Permanent Disqualification of plaintiff from participating as an authorized retailer in the SNAP program; the letter stated that the plaintiff had up to thirty (30) days from the date of his letter to seek judicial review in the District Court where the plaintiff resides or is engaged in business or in any court of record of the State having competent jurisdiction.

15. Adnan Hawija Alabboud is the owner of a business known as Arts Supermarket at 2921 North Newstead Ave., St. Louis, MO 63115.

16. On January 1, 2009, Adnan Alabboud entered into an agreement to sell Arts Supermarket to Rami Mohammad, Hani Abdelkarim, and the plaintiff, Eyad Mohammad.

17. The Sales Agreement for the sale of Arts Supermarket was drafted by the parties, who are not trained drafting legal documents and whose first language is not English.

18. In making the Agreement, the parties intended the business to remain Adnan Alabboud's until all of the business licenses were transferred into the purchasers' names.

19. Over the passage of time, buyers Rami Mohammad and Hani Abdellcarim abandoned their efforts to complete the purchase of Arts Supermarket, leaving Eyad Mohammad as the sole purchaser.

20. Eyad Mohammad began the process of transferring the business license for Arts Supermarket in March of 2010. This process was still ongoing as of June 9, 2010, when the Board of Adjustment Appeal of the City of St. Louis, Missouri heard Appeal No. 9550.

21. The application to transfer the business license was solely in the name of Eyad Mohammad as the owner of Arts Food Mart.

## IV.
## RELEVANT FACTS

22. In early 2010, the USDA began investigating Arts Supermarket for violations of SNAP regulations. On four different occasions, Rami Mohammad, who was working at Arts Supermarket, completed a transaction in which cash was exchanged for SNAP benefits.

23. At the time these transactions occurred, Arts Supermarket was still owned by Adnan Alabboud, as the business licenses completing the sale of the business had still not been acquired.

24. The plaintiff Eyad Mohammad was not present on any occasion in which SNAP regulations were violated.

25. That Arts Supermarket is a business registered with the Missouri Secretary of State with Adnan Hawija Alabboub as the President.

26. Plaintiff will suffer irreparable damage and untold hardship if this disqualification is upheld in that plaintiff owns several food markets that are authorized to except food stamps under the SNAP program. At the time that the acts violating SNAP regulations occurred, the plaintiff was in the process of purchasing the store where the violations had occurred. The violations were committed by another individual and the plaintiff was not present at the time the trafficking occurred.

## FIRST CAUSE OF ACTION

27. Plaintiff repeats and re-alleges paragraphs 1 through 26 as if fully stated herein.

28. The defendant's decision to permanently disqualify plaintiff from the SNAP program was arbitrary and capricious, and violated defendant's own regulations.

## SECOND CAUSE OF ACTION

29. Plaintiff repeats and re-alleges paragraphs 1 through 24 as if fully state herein.

30. The defendant's decision to find plaintiff to be ineligible for a Civil Money Penalty in lieu of disqualification violated 7 C.F.R. § 278.6.

## THIRD CAUSE OF ACTION

31. Plaintiff repeats and re-alleges paragraphs 1 through 24 as if fully stated herein.

32. The permanent disqualification of plaintiff by defendants from participating in the SNAP program is a denial of plaintiff's rights of due process of law, in that there is no rational basis in the law for that action.

## FOURTH CAUSE OF ACTION

33. Plaintiff repeats and re-alleges paragraphs 1 through 24 as if fully stated herein.

34. The permanent disqualification of plaintiff by defendants from participating in the SNAP program is a denial of plaintiff's rights of due process of law, in that it proceeded with insufficient notice and opportunity to be heard before a neutral magistrate.

## FIFTH CAUSE OF ACTION

35. Plaintiff repeats and re-alleges paragraphs 1 through 24 as if fully stated herein.

36. The permanent disqualification of plaintiff by defendants from participating in the SNAP program is a denial of plaintiff's rights of due process of law, in that the defendant failed to make reasonable and rational findings under the appropriate legal standard.

WHEREFORE, plaintiff prays for a judgment and order of this Court:

1. Ordering the defendant to stay execution of its decision to permanently

disqualify plaintiff from the SNAP program and enjoining the implementation of the threatened disqualification;

    2.   Ordering the defendant to reinstate plaintiff in the SNAP program immediately;

    3.   Ordering the defendant to impose Civil Money Penalty in lieu of disqualification if the Court deems any such penalty is just and proper;

    4.   For costs of suit herein;

    5.   Any such further relief as the Court may deem just and proper.

Respectfully submitted,

BRUNTRAGER & BILLINGS, P.C.

/s/ Neil J. Bruntrager
Neil J. Bruntrager #2731
Attorney for Plaintiff
1735 S. Big Bend Blvd.
St. Louis, MO 63117
(314) 646-0066
(314) 646-0065-facsimile

## **CERTIFICATE OF SERVICE**

   The undersigned hereby certifies that a true copy of the foregoing instrument was served by certified United States mail, postage prepaid upon each of the attorneys of record of all parties in the above-entitled cause by enclosing the same in an envelope addressed to each such attorney at such attorney's address as disclosed by the pleadings or record herein this 10th day of September, 2010.

                              _____

Copy via certified mail to:

United States Department of Agriculture
Food Nutrition Service
3101 Park Center Drive
Alexandria, VA 22302

United States Department of Agriculture
Office of Secretary, Thomas J. Vilsack
and Process Clerk
1400 Independence Ave. S.W.
Washington, D.C. 20250

United States Attorney
Eastern District of Missouri
Civil Process Clerk
Thomas Eagleton U.S. Courthouse
I11 S. 10th Street; 20th Floor
St. Louis, MO 63102

Attorney General of the United States
Civil Process Clerk
10th and Constitutional Ave. N.W.
Washington, D.C. 20530