UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| EYAD MOHAMMAD, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) |  |
| vs. | ) ) | Case No. 4:10CV1682 RWS |
| UNITED STATES, | ) ) ) |  |
| Defendant. | ) |  |

## MEMORANDUM AND ORDER

Plaintiff Eyad Mohammad filed this complaint seeking a review of the United States Department of Agriculture's decision to permanently disqualify him from participation as a retailer in the Food Stamp Program. In his complaint Mohammad named Thomas J. Vilsack, the Secretary of Agriculture, as the defendant.

In a companion case filed in this Court styled <u>Abdelkarim v. Vilsack</u>, 4:10CV1689 CEJ, Plaintiff Hani Abdelkarim filed a similar action arising from the same operative facts at the same retail location.

Instead of naming the United States as the defendant, both Mohammad and Abdelkarim named Vilsack as the sole defendant. The United States moved to dismiss both cases because, under 7 U.S.C. § 2023(a)(13), a party seeking a review of Department of Agriculture's decision must file suit against the "United States" within 30 days after delivery of the final agency decision. The United States does not contend that the suit was untimely filed. Nor does the United States contend that service was deficient. The only basis for dismissal is that the complaints named Vilsack instead of the United States as the defendant.

On March 13, 2011, I granted the United States' motion to consolidate these cases. In

response to the United States' motion to dismiss, both Mohammad and Abdelkarim moved to amend their complaints to substitute the United States as the defendant. The United States opposes the motions to amend asserting that the United States had to be named as a defendant within the initial 30 days after the delivery of the final agency decision. Mohammad and Abdelakrim assert that they timely filed their complaints and that, as a result, they should be allowed to substitute the United States as the proper party under Federal Rule of Civil Procedure 15.

Under Rule 15 a party may amend the complaint with the Court's leave which should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). Moreover, an amendment of the pleading changing a party or the naming of a party relates back to the original filing date when the conditions of 15(c) are satisfied. The United States does not contest that the conditions of 15(c) are satisfied in this matter.

The United States has offered several cases in support of its position that the failure to name the United States in the initial 30 day period permits dismissal. However, none of those cases addressed the issue of an amendment of the pleadings and a relation back under Rule 15. I find that in the interest of justice Rule 15 allows the amendment of the pleadings in the instant cases to substitute the United States as the proper defendant. See Perales v. United States, 598 F. Supp. 19, 22 (S.D. N.Y. 1984)(granting amendment of pleadings to name United States as a defendant under Rule 15 more that 30 days after delivery of the final agency decision).

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiff Eyad Mohammad' motion to amend [#14] and Plaintiff Hani Abdelkarim's motion to amend [#7 filed in 4:10CV1689 CEJ] are **GRANTED**.

**IT IS FURTHER ORDERED that** Defendant United States' motions to dismiss [#3] and [#2 filed in 4:10CV1689 CEJ] are **DENIED**.

**IT IS FURTHER ORDERED that** the Clerk of Court shall change the name of the defendant in this matter from Thomas J. Vilsack to United States.

                                                                                     _____
                                                                                     RODNEY W. SIPPEL
                                                                                     UNITED STATES DISTRICT JUDGE

Dated this 21st day of April, 2011.